UNITED STATES BANKRUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In the Matter of:

NITV, LLC,

      Debtor.

_____/

Case No. 21-18481-MAM

Chapter 7

Elwood Gary Baker

      Plaintiff,

Vs.

NITV, Federal Services, LLC, Lourdes Irimia, and

Charles Humble

      Defendant(s)

_____/

Adversary No.: 22-01092 - MAM

## TRUSTEE IN BANKRUPTCY'S
## NOTICE OF FILING 9019 MOTION IN UNDERLYING CHAPTER 7 CASE

      Michael Bakst, Trustee in Bankruptcy in Chapter 7 Case No. 21-18418-MAM, by and through his undersigned counsel, and pursuant to Fed.R.Bankr.P. 9019 and Local Rule 9019-1, hereby gives notice of the filing of the attached Motion (and related Notice of hearing upon same). The undersigned certifies that a true copy of the attached [**ECF Docket#s 42 and 43 in 21-18481-MAM**] has been served on all parties listed below on the date and in the manner indicated.

      Dated this 31st day of August 2022.

1

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional requirements to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was is being filed with the court's electronic filing system on this 31st Day of August, 2022 and thus served on those parties listed below.

**Electronic Mail Notice List:**

**Amanda Klopp and Eyal Berger:**   attorneys for Removing Parties, NITV Federal Services, LLC, Lourdes Irimia a/k/a Lourdes Humble and Charles Humble: amanda.klopp@akerman.com; eyal.berger@akerman.com;

**ZAPPOLO & FARWELL, P.A.**
Attorneys for Plaintiff, Gary Baker and Michael R. Bakst, Trustee in Bankruptcy
7108 Fairway Drive, Suite 322
Palm Beach Gardens, FL 33418
(561) 627-5000 (telephone)
(561) 627-5600 (facsimile)
szappolo@zappolofarwell.com
filings@zappolofarwell.com
jfarwell@zappolofarwell.com

By: /S/ Scott W. Zappolo
SCOTT W. ZAPPOLO
Florida Bar Number: 132438

2

UNITED STATES BANKRUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In the Matter of:                                    Case No. 21-18481-MAM

**NITV, LLC,**                                        Chapter 7

        Debtor.

_____/

### TRUSTEE IN BANKRUPTCY'S MOTION TO:

1. **APPROVE SETTLEMENT AGREEMENT BETWEEN MICHAEL BAKST, AS CHAPTER 7 TRUSTEE AND (DEBTOR) NITV, LLC (WHERE SAID SETTLMENT AGREEMENT IS JOINED BY PLAINTIFF AND DEFENDANT(S) IN RELATED ADVERSARY PROCEEDING); AND**

2. **PAY TRUSTEE'S SPECIAL COUNSELS' CONTINGENT FEES FROM SETTLEMENT PROCEEDS**

   **MICHAEL R. BAKST**, as Chapter 7 Trustee for the Debtor, NITV, LLC (Hereinafter, the "Plaintiff" or "Trustee"), by and through his undersigned counsel, and pursuant to Federal Rules of Bankruptcy Procedure 9019 and Local Rule 9019-1 of the United States Bankruptcy Court for the Southern District of Florida, files this Motion To (1) Approve Settlement Agreement Between Michael Bakst, as Chapter 7 Trustee and (Debtor) NITV, LLC (Where Said Settlement Agreement is Joined by Plaintiff and Defendant(s) in Related Adversary Proceeding) Each a "Settling Party," and together with the Trustee, the "Parties," and singularly a "Party") and (2) Pay Trustee's Special Counsels' Contingent Fees from Settlement Proceeds (the "Motion") and states, as follows:

### Procedural History Supporting Relief Requested

1. On August 31, 2021 (the "Petition Date") Debtor, NITV, LLC filed a voluntary Chapter 7 petition in

1

this Honorable Court.

### Prior State Court Collection Proceedings

2.  At the time of its Chapter 7 filing, Debtor NITV LLC was already a defendant in "proceedings supplementary" to a State Court action entitled "ELWOOD GARY BAKER vs. NITV, LLC and NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA, JAMES KANE and CHARLES HUMBLE" and assigned Palm Beach County, Circuit Court Case Number: 50 2005 CA 001771 XXXX MB AE (Hereinafter, the "State Court Collection/Supplementary Proceeding/Action")(note that James Kane had been dismissed (pre-petition) as a defendant in that matter, but the caption retains his name).

3.  Lourdes Irimia and Charles Humble are/have been principals of Debtor, NITV, LLC, and/or its alleged alter ego, NITV FEDERAL SERVICES, LLC.

4.  Within said State Court Collection/Supplementary Proceeding, state court Judgement holder and Creditor, Elwood Gary Baker, had been trying to collect his judgment from not only the Debtor here, but also Charles Humble and Lourdes Irimia.

5.  The Allegations in the State Court Collection/Supplementary Proceeding/Action involved *inter-alia*, that the Debtor was/is a Successor / Alter Ego / business Continuation of Debtor, sought to "Pierce the Corporate Veil" and that the original judgment debtor and Charles Humble and Lourdes Irimia had effectuated, and continued to effectuate "fraudulent transfers" (as defined by Chapter 726, Florida Statutes) among themselves. The State Court Collection/supplementary Proceeding/Action was "mid trial docket" on the date of Debtor's bankruptcy filing.

### Related Adversary Proceeding
### (22-01092-MAM)

6.  On February 23, 2022, NITV FEDERAL SERVICES, LLC, CHARLES HUMBLE and LOURDES IRIMIA (a/k/a LOURDES HUMBLE) filed a Notice of Removal of "all remaining claims" against them in the State Court Collection / Supplementary Proceeding/Action. Upon Removal, said matter was assigned Adversary Proceeding Case Number 22-01092-MAM. (*See Also*, [ECF # 28])

7.  The parties to the Adversary Proceeding agreed to participate in a Judicial Settlement Conference (See,

[ECF # 4] in 22-01092-MAM) and to an Agreed Order Granting Ex Parte Motion ot Extend Time to File a Motion to Remand to State Court (See, [ECF # 10] in 22-01092-MAM) pending the outcome of the Settlement Conference.

8.  The parties to the Adversary Proceeding successfully resolved all claims among them at the May 24, 2022 Settlement Conference (although some time was expended finalizing and executing the written agreement which memoralies same).

9.  **Should this Court approve the relief requested herein, the issues related to remand (and ECF #10) Will be moot.**

10. A copy of the Settlement Agreement sought to be approved by this Court is attached hereto as **"COMPOSITE EXHIBIT 1."**

### This Court's Prior Order Related to Employment of Counsel

11. On October 21, 2021, after investigating the State Court Collection/Supplementary Proceedings, Trustee filed a "Motion to Approve Employment of Scott Zappolo, Esq. (the undersigned) as his "Special Litigation Counsel" [ECF # 12].

12. Said Motion specifically stated (at para. 3 therein) that Trustee wanted to employ the undersigned "to represent the estate for the State Court Action whether in Circuit Court of the Bankruptcy Court" and (at para. 5) took the position that pending State Court Action was "now property of the bankruptcy estate." It also attached the proposed Contingency Fee Contract.

13. On November 4, 202, this Court Granted Trustee's Motion. [ECF # 15].

### Trustee's Pursuit of Debtor's Assets

14. Given:

A.  The basis of the Motion to Employ Special Litigation Counsel (*inter-alia*, to represent the Bankruptcy Estate in the pending state court action) and the related November 4th Order granting same; and

B.  The fact that the pursuit of the Debtor's assets via the "State Court Collection/Supplementary Proceedings" are an independent action (especially given the fact that it involves non-bankruptcy participants)

On December 31, 2022, the undersigned filed "Michael R. Bakst, Trustee in Bankruptcy's Motion to Intervene

on Behalf of Bankruptcy Creditors of NITV, LLC" in the State Court Collection/Supplementary Proceedings.

15. Upon Bankruptcy counsel's voiced objection to said filing, on February 23, 2022, the undersigned filed a "Motion for Clarification of the Automatic Stay, or in the Alternative, Motion for Relief from Stay" [ECF # 23]. The hearing upon said motion has been continued pending finalization of the Settlement Documents. *Cf* [ECF 40]. **Should this Court approve the instant motion, said motion [ECF 23] will be moot.**

### The Settlement

16. As a result of the Judicial Settlement Conference, and in order to avoid the cost and uncertainty of litigation, but without any of the Parties admitting the validity of any claim or defense asserted by the other Party and without admitting any liability or wrongdoing, the Parties agreed to fully and finally compromise, settle, and resolve the Claims, and any and all claims and disputes by and between and among them, as set forth and memorialized in the settlement agreement ("Settlement Agreement") which is attached hereto as **"COMPOSITE EXHIBIT 1."**

17. The Settlement Agreement contains all material terms and conditions of the settlement, and settles *inter alia* and all claims that were or could have been raised by the Trustee against the Settling Parties for the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) (the "Settlement Amount") – payable in periodic installments of:

   A. An Initial Payment of Fifty Thousand Dollars ($50,000.00) within 15 days of the "Effective Date" (Defined at para. 7 of the Settlement Agreement as: 15 days after the date of this Court's Settlement Approval Order); and

   B. Ten Subsequent, Periodic Payments of Twenty Thousand Dollars ($20,000.00) each, with the first of said payments due to the Trustee in Bankruptcy 45 days after the Effective Date and subsequent payments due every thirty days thereafter until all 10 payments are made.

18. This Motion and the notice of hearing thereon are being noticed to all creditors and parties in interest pursuant to Federal Rule of Bankruptcy Procedure 9019.

4

19. This Motion incorporates the terms of the Settlement Agreement by reference. In the event of any inconsistencies between any summary in this Motion and the actual terms of the Settlement Agreement, the terms of the Settlement Agreement shall govern. Accordingly, the Trustee encourages all creditors and parties in interest not to rely upon this Motion, and to read the Settlement Agreement in full for the terms.

## Request for Approval of Settlement

20. The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D.Fla. 1988). The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness". *Id.* at 891, citing, *In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2nd Cir. 1985); *In re W.T. Grant Company*, 699 F.2d 599, 608 (2nd Cir. 1983). The Trustee believes that the Settlement Agreement more than complies with the legal principles relied upon within these authorities.

21. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

a.  the probability of success in the litigation;

b.  the difficulties, if any, to be encountered in the matter of collection;

c.  the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

d.  the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd,* 898 F.2d 1544 (11th Cir. 1990).

22. With regard to these factors, the following is a detailed analysis:

(a)        Specifically, when weighing the probability of success in the litigation, payment of the Settlement Amount under the Settlement Agreement will avoid the difficulty and expense and time delays incumbent in litigation of the Claims. While the Trustee believes that his Claims are meritorious, and that the defenses asserted by the Settling Parties may be overcome, the Trustee recognizes the risks associated

with litigation of complex claims and facts, and the possibility of an adverse judgment could materially impact the Trustee's efforts to make a distribution to creditors. Further, the Trustee is cognizant that litigation of the Claims encompasses multiple complex factual and legal issues (typically adjudicated on a case-by-case basis) and the potential for continued extensive litigation involving costly and time-consuming fact and expert discovery, summary judgment briefing and rulings, multiple days (or weeks) of trial before the Bankruptcy Court, and any and all potential appeals (which the Trustee believes are likely to occur), all with an uncertain result.

(b)             With regard to the difficulties, if any, to be encountered in the matter of collection, the Trustee has evaluated the risks of collection and believes that the Estate may encounter difficulties in collecting upon a judgment, to the extent that any award to the Plaintiff in connection with the Claims would be subject to appeals, which the Plaintiff believes would be pursued, which would serve to significantly delay collection upon a judgment. The Trustee is concerned that there is no insurance to cover the claims asserted against the Settling Parties and of the uncertain nature of their continued business should the disputes not be resolved through settlement. The Trustee has also taken into account the ability of the Trustee to monetize the Claims in determining the difficulties in collecting upon any judgment that may be obtained by the Estates against the Settling Parties. Here, among other countervailing factors, the Trustee has concluded that proceeding with the pending adversary proceeding (in state or bankruptcy court) could further erode the Settling Parties' ability to pay. Given these factors, the Trustee has determined that the Settlement Agreement will avoid the difficulties and uncertainties of collecting and enforcing any judgment, order or decree that may be entered by the Court.

(c)             With regard to the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it, the Trustee submits that litigation of the Claims would be complex, will be both expensive and inconvenient to continue to pursue, and will undoubtedly result in significant delay. The litigation would necessarily be complex given the significant factual and legal issues that form the basis of the Claims and the Settling Parties' asserted defenses. Furthermore, as explained above, continued litigation will be expensive and inconvenient to pursue through the remaining fact and expert witness discovery, summary judgment briefing and rulings, multiple days (or weeks) of trial before the Bankruptcy (and/or State) Court(s), and potential for

appeals. Based upon these factors, continuing to litigate the Claims to judgment and through any and all appeals, to potentially achieve substantially similar results negotiated under the Settlement Agreement, or possibly obtain an adverse ruling, is cost prohibitive and will result in substantial delays with recoveries to the Estate. Indeed, the Settlement Agreement provides a material benefit to the Estate by resolving complex litigation claims on favorable terms while eliminating further expense, inconvenience, and delay of the proceedings.

(d)        With regard to the paramount interest of the creditors and a proper deference to their reasonable view in the premises, again, for the reasons already articulated, the Trustee reached this settlement at arms' length with the Settling Parties after months of cooperation and exchange of information, as well as negotiation during the settlement conference, and believes that it is in the best interests of the Estate. Moreover, the Trustee has considered the positions of creditors with a proper deference toward their reasonable views (and included the principal creditor in the settlement conference), as weighed against the costs and uncertainties of litigation, and the inconvenience and delays necessitated by it, which would be adverse to the interests of creditors and this Estate. The Settlement Agreement provides the Estate with a material $250,000.00 recovery, while eliminating litigation risk and further expense, inconvenience, and delay, and therefore, serves the paramount interest of creditors with proper deference to their reasonable views in the premises. Of course, the Trustee will consider creditors' reasonable views of the Settlement Agreement.

23. Lastly, the Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit and supports its approval by the Court as being in compliance with the factors, and as being within the best interest of creditors and the Estate.

## **Request for Approval to Pay Special Counsel's Contingent Fees from Settlement Proceeds**

24. If the Settlement Agreement is approved as requested in the Motion, the Trustee requests approval to pay contingency fees owed to his Special Counsel, S c o t t  W .  Z a p p o l o ,  E s q . ,  o f  t h e  l a w  f i r m  o f  Z a p p o l o  &  F a r w e l l ,  P . A . ,  who has been employed by the Estate to represent the Trustee

7

in the pursuit of the Claims.

25. On November 4, 202, this Court Granted Trustee's Motion to employ the aforementioned attorney. [ECF # 15], pursuant to a Contingency Fee Contract – which departed downward (decreased the standard amounts payable) from the "Standard" Contingency Fee Contract rates which are incorporated within Rule 4-1.5 of the Rules Regulating the Florida Bar.  Since an Answer had been filed, the "standard" fee would be 40%, however, the Trustee negotiated, and thus the order approved, a thirty-five percent (35%) contingent fee for the S p e c i a l  C o u n s e l  f r o m  a n y  recoveries on the Claims (the "Contingency Fee").

26. Although Special Counsel has incurred expenses related to the representation of Trustee, special Counsel has agreed to waive same.  Further, Special Litigation Counsel has agreed that his fee may be paid by Trustee on a percentage basis, upon each payment that is received by the Trustee in Bankruptcy.

27. The request by Special Counssel for approval and payment of the Contingency Fee in conjunction with the Motion seeking approval of the Settlement Agreement under Fed. R. Bankr. P. 9019 is made, without the requirement of Special Counsel filing fee applications. The relief requested herein is subject to the entry of a Final Order by the Bankruptcy Court approving the Settlement Agreement and receipt by the Estate of the Settlement Amount in clear funds.

28. Accordingly, if the Settlement Agreement is approved, the Trustee respectfully requests that this Court (i) approve the total Contingency Fee in the amount of E i g h t y  s e v e n  T h o u s a n d ,  F i v e  H u n d r e d  D o l l a r s  ($87,500), which is equal to thirty-five percent (35%) of the Settlement Amount from the settlement proceeds, (ii) approve and authorize payment and disbursements of the Contingency Fee by the Trustee to special litigation counsel, pursuant to the terms of the Order Granting Application to Employ Scott Zappolo as Special Litigation Counsel [ECF # 15] and direct that the payment of same be made as a percentage of each periodic payment received by the Trustee and pursuant to the terms of the contingency contract executed by Trustee.

**WHEREFORE**, the Trustee, Michael R. Bakst, as Chapter 7 Trustee in Bankruptcy, respectfully requests that the Court enter an Order (i) granting the instant Motion; (ii) approving the Settlement Agreement attached hereto as **"Composite Exhibit 1"**; (iii) approving and authorizing payment and disbursements of the Contingency Fee to the Trustee's Special Litigation Counsel pursuant to the terms of the approved Contingency Contract (as same may have been amended as noted herein) and related Order(s) both prior and the Order Granting the instant Motion; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: **August 31 2022.**

**ZAPPOLO & FARWELL, P.A.**

Attorneys for Michael R. Bakst, Trustee in Bankruptcy
7108 Fairway Drive, Suite 322
Palm Beach Gardens, FL 33418

By: /s/ Scott W. Zappolo, Esq.
    Scott W. Zappolo, Esq.
    Email: szappolo@zappolofarwell.com
    Fla. Bar No. 132438

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional requirements to practice in this Court as set forth in Local Rule 2090-1(A).

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was is being filed with the court's electronic filing system on this 31st day of August, 2022 and thus served on those parties listed below.

**Electronic Mail Notice List:**

**Michael R. Bakst:**  efilemrb@gmlaw.com; ecf.alert+Bakst@titlexi.com; efileu1084@gmlaw.com; efileu1086@gmlaw.com; efileu386@gmlaw.com; efileu1857@gmlaw.com

**Julianne R. Frank, attorney for Debtor:**  julianne@jrfesq.com; G59511@notify.cincompass.com

**Mark A. Levy:**  mark.levy@brinkleymorgan.com; Sandra.gonzalez@brinkleymorgan.com; brinkleymorgancf@gmail.com

**Office of US Trustee:**  USTPRegion21.MM.ECF@usdoj.gov

**Amanda Klopp and Eyal Berger:**  attorneys for Removing Parties, NITV Federal Services, LLC, Lourdes Irimia a/k/a Lourdes Humble and Charles Humble (in adversary proceeding no: 22-01092 – MAM):  amanda.klopp@akerman.com; eyal.berger@akerman.com;

**I FURTHER CERTIFY** that a true copy of the foregoing was is being served upon "State Court Counsel" on this 31st day of August, via e-mail in accordance with Fla. R. Jud. Admin. 2.516 on all counsel/parties affiliated with the State Court Case.

Persons served:    William Fleck, Esq. and Davide Steinfeld, Esq.: wfleck@jla.legal; ptaylor@jla.legal;    wfleck@jupiterlegaladvocates.com;    dave@davidsteinfeld.com; ecf.state@davidsteinfeld.com

**ZAPPOLO & FARWELL, P.A.**
Attorneys for Michael R. Bakst, Trustee in Bankruptcy
7108 Fairway Drive, Suite 322
Palm Beach Gardens, FL 33418
(561) 627-5000 (telephone)
(561) 627-5600 (facsimile)
szappolo@zappolofarwell.com
filings@zappolofarwell.com
jfarwell@zappolofarwell.com

By: /S/ Scott W. Zappolo
SCOTT W. ZAPPOLO
Florida Bar Number: 132438

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made on the Effective Date by and among **Michael R. Bakst, as Chapter 7 Trustee for the bankruptcy estate of NITV, LLC** ("Trustee") with an address of 525 Okeechobee Boulevard #900, West Palm Beach, FL 33401 and email address of michael.bakst@gmlaw.com, **Elwood Gary Baker** ("Plaintiff") with an address of c/o Scott W. Zappolo, Esq., Zappolo & Farwell, P.A., 7108 Fairway Drive, Suite 322, Palm Beach Gardens, FL 33418 and email address of szappolo@zappolofarwell.com, **NITV Federal Services, LLC**, a Florida Limited Liability Company ("NITV Federal"), **Lourdes Irimia a/k/a Lourdes Humble** ("Mrs. Humble"), and **Charles Humble** ("Dr. Humble"), whose addresses are c/o William Fleck, Esq., 8895 North Military Trail, Suite E102, Palm Beach Gardens, FL 33410, and email address of wfleck@jla.legal. Trustee, Plaintiff, NITV Federal, Mrs. Humble, and Dr. Humble are collectively referred to herein as "Parties." NITV Federal, Mrs. Humble, and Dr. Humble are all collectively referred to herein as the "Third Party Defendants."

## RECITALS

**WHEREAS**, on May 23, 2013, the Circuit Court of Palm Beach County, Florida ("State Court") entered an Amended Final Judgment ("Judgment") in favor of Plaintiff against NITV, LLC ("NITV" or "Debtor") in the amount of $250,000 in the case of Elwood Gary Baker v. NITV, LLC, Case No. 502005CA001771XXXXMB in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("State Court Action"). Plaintiff asserts that the amounts currently owing under the Judgment are $464,310.52 ("Judgment Amount").

**WHEREAS**, on May 5, 2014, in the State Court Action, Plaintiff filed a motion to institute proceedings supplementary to file a Third Party Complaint in Execution against NITV Federal, Mrs. Humble, James Kane, and Dr. Humble, alleging counts for fraudulent transfers, piercing the corporate veil, and business continuation.

**WHEREAS**, on August 26, 2016, in the State Court Action, Plaintiff filed a motion to file an Amended Third Party Complaint in Execution ("Amended Complaint") against NITV Federal, Mrs. Humble, James Kane, and Dr. Humble, alleging counts for fraudulent transfers, piercing the corporate veil, and business continuation, which motion was granted by the Court on September 20, 2016.

**WHEREAS**, on October 26, 2016, in the State Court Action, the Third Party Defendants filed an Answer to Plaintiff's Amended Third Party Complaint in Execution, denying the allegations therein.

65297506;1

EXHIBIT
1
(COMPOSITE)

**WHEREAS**, on May 14, 2021, in the State Court Action, the Plaintiff filed a Notice of Dropping Defendant James Kane as a Party, and voluntarily dismissed all claims in the Amended Complaint against James Kane.

**WHEREAS**, on August 31, 2021, NITV, LLC ("Debtor") filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Southern District of Florida under Case No. 21-18481 ("Bankruptcy Case").

**WHEREAS**, on September 28, 2021, the Court in the State Court Action entered an Order Staying Case for Bankruptcy and Directing Clerk to Change Case Status.

**WHEREAS**, on December 31, 2021, the Trustee filed a Motion to Intervene on Behalf of the Bankruptcy Creditors of NITV, LLC in the State Court Action.

**WHEREAS**, on February 23, 2022, the Third Party Defendants filed a Notice of Removal as an adversary proceeding in the Debtor's Bankruptcy Case under Adv. Pro. No. 22-01092 ("Adversary Proceeding") pursuant to Federal Rule of Bankruptcy Procedure 9027 and 28 U.S.C. §§ 1334 and 1452(a), and the General Order of Reference of the United States District Court for the Southern District of Florida (S.D. Fla. L.R. 87.2), thereby removing the claims and causes of action against Third Party Defendants in the Plaintiff's Amended Complaint.

**WHEREAS**, the Parties to this Agreement have agreed to settle the State Court Action and the Bankruptcy Case, and all claims that could be raised against the Third Party Defendants by the Plaintiff or Trustee, pursuant to the terms and conditions of this Agreement;

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth herein, the receipt and adequacy of which is hereby acknowledged, the Parties hereby agree as follows:

1.      The above Recitals are true and correct and incorporated herein.

2.      The Third Party Defendants, jointly and severally, agree to pay the Trustee the amount of $250,000 (the "Settlement Sum") as follows:

        (a)      Payment of fifty thousand dollars ($50,000.00) to the Trustee no later than 15 days after the Effective Date;

        (b)      Payment of two hundred thousand dollars ($200,000) to Trustee as follows:

                (i)      ten (10) monthly payments of twenty thousand dollars ($20,000.00), with the first payment due forty-five (45) days after the Effective Date, and each subsequent payment due every thirty (30) days thereafter until all ten payments are made. For the

avoidance of doubt, payments under this subparagraph 2.b.i. are due according to the following payment schedule:

|     | Payment Due Date | Payment Amount |
|-----|------------------|----------------|
| 1.  | 45 days after Effective Date | $20,000 |
| 2.  | 75 days after Effective Date | $20,000 |
| 3.  | 105 days after Effective Date | $20,000 |
| 4.  | 135 days after Effective Date | $20,000 |
| 5.  | 165 days after Effective Date | $20,000 |
| 6.  | 195 days after Effective Date | $20,000 |
| 7.  | 225 days after Effective Date | $20,000 |
| 8.  | 255 days after Effective Date | $20,000 |
| 9.  | 285 days after Effective Date | $20,000 |
| 10. | 315 days after Effective Date | $20,000 |

Collectively, (a) and (b) shall be referred to as the "Settlement Proceeds."

3.      The above payments shall be made in the form of a check made to Michael R. Bakst, as Chapter 7 Trustee for the bankruptcy estate of NITV, LLC and mailed to the address of Michael R. Bakst, as Chapter 7 Trustee for the bankruptcy estate of NITV, LLC, 525 Okeechobee Boulevard #900, West Palm Beach, FL 33401. Payments shall be treated as paid on the date postmarked. If any payments are due on a Saturday, Sunday, or legal holiday, the deadline to make such payment shall be the next day that is not a Saturday, Sunday, or legal holiday.

4.      If the Third Party Defendants fail to make any of the payments of the Settlement Proceeds provided in Paragraph 2, Trustee or its counsel shall provide notice of the default to Third Party Defendants and their counsel by certified mail and email at the addresses provided below ("Notice of Default"). The Notice of Default shall identify the alleged payment missed and the date of the missed payment. Third Party Defendants shall have seven (7) days from the date that the Notice of Default is mailed and emailed to fully cure the default ("Cure Period"). Third Party Defendants shall only be entitled to a Notice of Default and Cure Period for three delinquent payments.

Addresses to Send Notice of Default:

William Fleck, Esq.
8895 North Military Trail, Suite E102
Palm Beach Gardens, FL 33410
wfleck@jla.legal
ptaylor@jla.legal

Dr. Charles Humble
1210 Breakers West Blvd.
West Palm Beach, FL 33411
charles@charleshumble.com

Settlement Agreement
Page 3 of 11

65297506;1

5.      If either of the payments required in Paragraph 2(a) or Paragraph 2(b) are not received by Trustee on or before the respective deadlines for making such payments, and has not been made within the Cure Period in Paragraph 4, or the Third Party Defendants are not entitled to any Cure Period pursuant to Paragraph 4, the Parties agree that the Trustee is permitted to file in the State Court Action a Motion for Entry of Agreed Final Judgment Against NITV Federal accompanied by an Affidavit of Non-Performance executed by Trustee or its counsel. Trustee is entitled to concurrently submit the Agreed Final Judgment against NITV Federal, which shall be in the amount of the Judgment Amount, less payments made under this Agreement, and shall be in substantially the form of the Agreed Final Judgment attached hereto as **Exhibit A** (amounts to be filled in).   The parties agree that the Agreed Final Judgment is to be entered solely against NITV Federal, and that there is no defense to entry of the Agreed Final Judgment against NITV Federal except full and timely payment of the amounts due under Paragraph 2. Notwithstanding the fact that the Agreed Final Judgment will be entered in favor of the Trustee against NITV Federal, in the event of an uncured default, the Trustee may pursue any other claims against any other companies and/or individuals as appropriate, including but not limited to, Charles Humble and/or Lourdes Irimia.

6.      Within five (5) days of execution of this Agreement by Plaintiff and Third Party Defendants, the Trustee agrees to submit a motion for approval of this agreement ("Settlement Motion") to the Bankruptcy Court and request an Order of the Bankruptcy Court approving the Settlement Motion. The Parties recognize that the effectiveness of this Agreement is contingent upon the entry of an order of the Bankruptcy Court approving the terms of this Agreement and granting related relief ("Settlement Approval Order").

7.      For all purposes, the Effective Date of this Agreement shall be 15 days after the date that the Settlement Approval Order is entered by the Bankruptcy Court in the Debtor's Bankruptcy Case and is not subject to any appeal or issued stay.

8.      Upon the Effective Date, the Parties agree to submit an agreed motion and order remanding the Amended Complaint to the State Court Action.

9.      Within five (5) days of the remand, Trustee shall a) file a Motion to Dismiss the Amended Complaint substantially in the form attached hereto as **Exhibit B**, providing that the Amended Complaint is dismissed, subject to the State Court retaining jurisdiction to enforce the terms of this Agreement; and, b) present for entry by the State Court in the State Court Action an Agreed Order of Dismissal Upon Settlement substantially in the form attached hereto as **Exhibit C**, providing that the Amended Complaint is dismissed, subject to the Court retaining jurisdiction to enforce the terms of this Agreement. In connection with submission of the Motion to Dismiss the Amended Complaint, Trustee may submit a copy of this Agreement to the State Court.

10.      Time is of the essence for all time periods set forth herein.

11.      Upon all payments under Paragraph 2 being made, the Trustee and Plaintiff, and their successors, assigns, predecessors, employees, agents, and counsel, past and present, on the

one hand, hereby release and forever discharge Mrs. Humble, and Dr. Humble and their successors, assigns, predecessors, officers, directors, shareholders, members, employees, agents, and counsel, past and present, on the other hand, from and against all claims, actions, causes of action, suits, controversies, agreements, promises, and demands of every kind and nature whatsoever, in law or in equity; provided, however, that claims to enforce this Agreement are not released.

12.    If any Party hereto commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing Party or Parties in such action shall be entitled to recover its reasonable attorneys' fees and other expenses incurred in such action.

13.    Each of the Parties agrees that they nor anyone on their behalf will make or cause to be made any statements that disparage, are inimical to, or are damaging to the reputation of the other Parties. The Parties shall use its commercially reasonable efforts to cause its members, managers, owners, directors, officers, employees, and independent contractors not to disparage the other Party in any way. Each party agrees that they shall not make any disparaging comments or statements about any other party to anyone which could affect the business and/or reputation of the other party.

14.    The Parties represent that they have had adequate opportunity to consult with counsel or other advisor of their own choosing in connection with this Agreement.

15.    The Parties have entered into this Agreement, knowingly, voluntarily, and under no duress, and acknowledge that they received adequate consideration for the entering into of this Agreement.

16.    The person signing on behalf of each Party expressly warrants and represents that he or she is duly authorized by the appropriate corporate party or individual(s) to enter into this Agreement.

17.    This Agreement shall be construed and interpreted in accordance with the laws of the State of Florida.

18.    This Agreement shall be binding upon and inure to the benefit of, as applicable, each of the Parties' respective successors, assigns, heirs, estates, and representatives.

19.    The Parties agree that no rule of construction which would result in an interpretation or construction in favor of or to the detriment of one of the Parties or the others shall apply in construing or interpreting this Agreement or any provision thereof.

20.    Any waiver by any party of any of the provisions of this Agreement at any time shall constitute a waiver only for that particular instance and for that particular purpose at that particular time and shall not be construed as constituting a waiver for any other breach of any sort, type, or nature for any occurrence, similar or otherwise, at any time in the future.

21.    This Agreement and each of its parts shall be severable and, if any provision is determined to be void, invalid or unenforceable, the remainder of this Agreement shall be fully enforced without such term(s).

22.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which shall constitute one and the same instrument. A facsimile or e-mail copy of this Agreement and any signature hereon shall be considered for all purposes as originals.

23.    The Parties agree to execute any documents necessary, and to take any other actions necessary, to implement and carry out the terms of this Agreement.

24.    This Agreement constitutes the entire agreement between the Parties and cannot be modified except by virtue of a further written document signed by the party sought to be charged with that modification.

25.    **WAIVER OF JURY TRIAL.** **ALL OF THE PARTIES TO THIS AGREEMENT WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY ANY OF THEM AGAINST ANY OTHER PARTY OR PARTIES IN ANY MATTERS WHATSOEVER ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT AND/OR ANY CLAIM OF INJURY OR DAMAGE.**

**IN WITNESS WHEREOF**, the undersigned Parties, have executed this Settlement Agreement.

[Signatures on following pages]

65297506.1

IN WITNESS WHEREOF I have hereunto set my hand and seal to this Settlement Agreement this _15_ day of _April_, 2022.

**Michael R. Bakst, as Chapter 7 Trustee for the bankruptcy estate of NITV, LLC:**

By: _____

Print Name: _Michael Bakst Truste_

STATE OF FLORIDA      )
                         ) ss:

COUNTY OF _____  )

The foregoing instrument was acknowledged before me this _5th_ day of _August_ 2022 by _____, as _____, on behalf of **Michael R. Bakst, as Chapter 7 Trustee for the bankruptcy estate of NITV, LLC.** He is personally known to me or has produced _Personally Known_ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of Notary Public)



Toni C. Gresham
Comm. #GG916211
Expires: Nov. 2, 2023
Bonded Thru Aaron Notary

Settlement Agreement
Page 7 of 11

65297506;1

IN WITNESS WHEREOF I have hereunto set my hand and seal to this Settlement Agreement this _10th_ day of _August_, 2022.

Elwood Gary Baker

By: _____

Print Name: _Elwood G. Baker_

STATE OF ~~FLORIDA~~ GA )
                        ) ss:
COUNTY OF _Lanier_ )

The foregoing instrument was acknowledged before me this _10th_ day of _August_ 2022 by Elwood Gary Baker. He is personally known to me or has produced _USA Passport Pic ID_ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF ~~FLORIDA~~ GA.

_Sharon Taylor_
(Print, Type or Stamp Commissioned Name of Notary Public)

EXP: 3/14/26

[Notary seal: SHARON TAYLOR / NOTARY PUBLIC / LANIER COUNTY, GA]

Settlement Agreement
Page 8 of 11

85397506.1

IN WITNESS WHEREOF I have hereunto set my hand and seal to this Settlement Agreement this _2nd_ day of _August_, 2022.

NITV Federal Services, LLC:

By: _____

Print Name: _CHARLES HUMBLE_

as _MANG. MEMB_ of NITV Federal Services, LLC

STATE OF FLORIDA      )
                      ) ss:
COUNTY OF _Palm Beach_ )

The foregoing instrument was acknowledged before me this _2nd_ day of _August_, 2022 by _Charles Humble_ as _Managing Member_ of NITV Federal Services, LLC. She/he is personally known to me or has produced _____ type of identification as identification.

_Stacy Parsons_
NOTARY PUBLIC, STATE OF FLORIDA
_Stacy Parsons_
(Print, Type or Stamp Commissioned Name of Notary Public)

STACY PARSONS
MY COMMISSION # GG 265008
EXPIRES: April 17, 2023
Bonded Thru Notary Public Underwriters

IN WITNESS WHEREOF I have hereunto set my hand and seal to this Settlement Agreement this _2nd_ day of _August_, 2022.

Lourdes Irimia a/k/a Lourdes Humble:

By: _[signature]_

Print Name: _Lourdes Humble_


STATE OF FLORIDA    )
                    ) ss:
COUNTY OF _Palm Beach_ )

The foregoing instrument was acknowledged before me this _2nd_ day of _August_, 2022 by Lourdes Irimia a/k/a Lourdes Humble. She is <u>personally known</u> to me or has produced _____ (type of identification) as identification.

_Stacy Parsons_

NOTARY PUBLIC, STATE OF FLORIDA

_Stacy Parsons_

(Print, Type or Stamp Commissioned Name of Notary Public)

STACY PARSONS
MY COMMISSION # GG 266005
EXPIRES: April 17, 2023
Bonded Thru Notary Public Underwriters

65297506;1

IN WITNESS WHEREOF I have hereunto set my hand and seal to this Settlement Agreement this _2nd_ day of _August_, 2022.

Charles Humble:
By: _Charles Humble_
Print Name: _CHARLES HUMBLE_

STATE OF FLORIDA    )
                    ) ss:
COUNTY OF _Palm Beach_ )

The foregoing instrument was acknowledged before me this _2nd_ day of _August_, 2022 by **Charles Humble**. He is _personally known_ to me or has produced _____ (type of identification) as identification.

_Stacy Parsons_
NOTARY PUBLIC, STATE OF FLORIDA
_Stacy Parsons_
(Print, Type or Stamp Commissioned Name of Notary Public)

STACY PARSONS
MY COMMISSION # GG 265008
EXPIRES: April 17, 2023
Bonded Thru Notary Public Underwriters

Settlement Agreement
Page 11 of 11

65297506;1

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AE
CASE NO: 50-2005-CA-001771-XXXX-MB

ELWOOD GARY BAKER,

      Plaintiff/Petitioner

vs.

NITV, LLC,

      Defendant/Respondent,

_____/

ELWOOD GARY BAKER,

Third Party Plaintiff,

vs.

NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA,
JAMES KANE, and CHARLES HUMBLE,

      Third Party Defendants.

_____/

## AGREED FINAL JUDGMENT

This matter came before the Court upon the Motion to Enforce Settlement Agreement

("Motion"), and the Court, having been duly advised of the agreement of the parties to the terms

of this Agreed Final Judgment, it is hereby

ORDERED AND ADJUDGED as follows:

1.    The Motion is **GRANTED.**

2.    A final judgment is hereby entered in favor of Michael R. Bakst as trustee of the

bankruptcy estate of NITV, LLC, and against Third Party Defendant NITV FEDERAL

63795814;1

SERVICES, LLC, whose last known address is 11400 Fortune Circle, West Palm Beach, FL 33414, and last four digits of TIN is 9542.

3.     There is due and owing to Michael R. Bakst as trustee of the bankruptcy estate of NITV, LLC the sum of $_____.

4.     Accordingly, Michael R. Bakst as trustee of the bankruptcy estate of NITV, LLC shall recover from Third Party Defendant NITV FEDERAL SERVICES, LLC, the sum of $_____, that shall accrue interest at the post-judgment rate of ____% under Section 55.03, Florida Statutes through December 31, 20__ and, thereafter, the interest rate will adjust in accordance with Section 55.03, Florida Statutes, until the Judgment is paid in full, **FOR WHICH SUM LET EXECUTION ISSUE.**

5.     Third Party Defendant NITV FEDERAL SERVICES, LLC shall complete under oath a Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) for an entity, including all required attachments, and shall serve Form 1.977 on the attorney of Michael R. Bakst, as trustee of the bankruptcy estate of NITV, LLC, within forty-five (45) days from the date of this Final Judgment, unless the Judgment is satisfied or post-judgment discovery is stayed.

6.     The Court retains jurisdiction of this case to enter further orders that are proper to compel the judgment debtor to complete Form 1.977, including all required attachments.

7.     The Court further retains jurisdiction to enter further orders and writs that are necessary or proper, including, without limitation, writs of execution.

**DONE AND ORDERED** in Palm Beach County, Florida, on _____, 20__.

_____
CIRCUIT COURT JUDGE

63795814;1

2

# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AE
CASE NO: 50-2005-CA-001771-XXXX-MB

ELWOOD GARY BAKER,

      Plaintiff/Petitioner

vs.

NITV, LLC,

      Defendant/Respondent,

_____/

ELWOOD GARY BAKER,

Third Party Plaintiff,

vs.

NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA,
JAMES KANE, and CHARLES HUMBLE,

      Third Party Defendants.

_____/

### AGREED MOTION TO DISMISS AND FOR THE COURT TO
### RETAIN JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT

Third Party Plaintiff ELWOOD GARY BAKER ("Plaintiff") and Intervenor, Michael R.

Bakst as trustee of the bankruptcy estate of NITV, LLC, and Third Party Defendants, NITV

FEDERAL SERVICES, LLC, LOURDES IRIMIA, and CHARLES HUMBLE (collectively, the

"Defendants"), hereby move the Court to: (1) dismiss the proceedings supplementary, and

Plaintiff's Amended Third Party Complaint in Execution, with prejudice, based on the parties'

Settlement Agreement, a copy of which has been provided to the Court, and (2) retain

jurisdiction to enforce the parties' Settlement Agreement.

WHEREFORE, the parties respectfully request the Court enter the Agreed Order of

Dismissal attached hereto as **Exhibit "I."**

Dated: _____, 2022

Respectfully submitted,

| | |
|---|---|
| Zappolo & Farwell, P.A.<br>Scott W. Zappolo, Esq.<br>7108 Fairway Drive, Suite 150<br>Palm Beach Gardens, FL 33418<br>szappolo@zappolofarwell.com<br>jfarwell@zappolofarwell.com<br>filings@zappolofarwell.com<br><br>*Counsel for Third Party Plaintiff*<br>*ELWOOD GARY BAKER and*<br>*Intervenor, Michael R. Bakst as trustee*<br>*of the bankruptcy estate of NITV, LLC* | William Fleck, Esq.<br>8895 North Military Trail, Suite E102<br>Palm Beach Gardens, FL 33410<br>wfleck@jla.legal<br>ptaylor@jla.legal<br><br>*Counsel for Third Party Defendants, NITV*<br>*FEDERAL SERVICES, LLC, LOURDES*<br>*IRIMIA, and CHARLES HUMBLE* |

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email

to all parties on the Service List below on _____, 2022.

_____

**SERVICE LIST**

Counsel for Third Party Plaintiff
    Zappolo & Farwell, P.A.
    Scott W. Zappolo, Esq.
    7108 Fairway Drive, Suite 150
    Palm Beach Gardens, FL 33418
    szappolo@zappolofarwell.com
    jfarwell@zappolofarwell.com
    filings@zappolofarwell.com

Counsel for Third Party Defendants
    Law Office of David Steinfeld
    3801 PGA Blvd., Suite 600
    Palm Beach Gardens, FL 33410
    dave@davidsteinfeld.com

    William Fleck, Esq.
    8895 North Military Trail, Suite E102
    Palm Beach Gardens, FL 33410
    wfleck@jla.legal
    ptaylor@jla.legal

3

# EXHIBIT "C"

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AE
CASE NO: 50-2005-CA-001771-XXXX-MB

ELWOOD GARY BAKER,

        Plaintiff/Petitioner

vs.

NITV, LLC,

        Defendant/Respondent,

                                   /

ELWOOD GARY BAKER,

Third Party Plaintiff,

vs.

NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA,
JAMES KANE, and CHARLES HUMBLE,

        Third Party Defendants.

                                   /

## AGREED ORDER OF DISMISSAL AND RETENTION OF
## JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

        THIS CAUSE, having come before the Court upon the parties' Agreed Motion to Dismiss

and for the Court to Retain Jurisdiction to Enforce the Settlement Agreement (the "Motion"), and the

Court having reviewed the Motion, being advised of the parties' agreement, and being duly advised

in the premises, it is hereby

        **ORDERED and ADJUDGED** that:

        1.     The parties' Motion is **GRANTED**.

63795822;1

2.      The proceedings supplementary and Plaintiff's Amended Third Party Complaint in Execution against NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA, and CHARLES HUMBLE is hereby dismissed with prejudice, subject to the Court retaining jurisdiction to enforce the terms of the parties' Settlement Agreement.

      **DONE and ORDERED** in Palm Beach County, Florida this ____ day of _____, 202_.

_____
CIRCUIT JUDGE

Copies to parties on service list

### SERVICE LIST

Counsel for Third Party Plaintiff
    Zappolo & Farwell, P.A.
    Scott W. Zappolo, Esq.
    7108 Fairway Drive, Suite 150
    Palm Beach Gardens, FL 33418
    szappolo@zappolofarwell.com
    jfarwell@zappolofarwell.com
    filings@zappolofarwell.com

Counsel for Third Party Defendants
    Law Office of David Steinfeld
    3801 PGA Blvd., Suite 600
    Palm Beach Gardens, FL 33410
    dave@davidsteinfeld.com

    William Fleck, Esq.
    8895 North Military Trail, Suite E102
    Palm Beach Gardens, FL 33410
    wfleck@jla.legal
    ptaylor@jla.legal

63795822;1

**Form ATYHRG**

# United States Bankruptcy Court
## Southern District of Florida
## www.flsb.uscourts.gov

Case Number: 21-18481-MAM
Chapter: 7

In re:
NITV LLC
1210 Breakers West Blvd
West Palm Beach FL 33411-1880
EIN: 02-0531279

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Mindy A Mora to consider the following:

**[42] Motion to Compromise Controversy with Debtor, Humble, Humble and NITV, LLC (Adversary Defendants) Filed by Trustee Michael R Bakst (Attachments: # 1 Exhibit Settlement Agreement) (Zappolo, Scott)**

1. This matter has been set on the Court's motion calendar for a non-evidentiary hearing. The allotted time for this matter is ten minutes. The hearing will be held:

   **Date: September 28, 2022**
   **Time: 01:30PM**
   **Location: Flagler Waterview Building, 1515 N Flagler Dr Room 801 Courtroom A, West Palm Beach, FL 33401**

2. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To resister, click or manually enter the following registration link in a browser:

   https://www.zoomgov.com/meeting/register/vJItdumqrzstGdoBW4nz6tq3lJmn8ydPxj4

   All participants (whether attending in persons or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

3. The movant, or movant's counsel if represented by an attorney, must:

   (a) serve a copy of this notice of hearing and, unless previously served, the above-described document(s) on all required parties within the time frame required by the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and orders of the Court, and

   (b) file a certificate of service as required under Local Rules 2002-1(F) and 9073-1(B).

   Any party who fails to properly serve any pleading or other paper may be denied the opportunity to be heard thereon.

4. PLEASE NOTE: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the hearing.

5. PLEASE NOTE: Photo identification is required to gain entrance to all federal courthouse facilities. Electronic devices, including but not limited to cameras, cellular phones (including those with cameras), iPads, tablets, pagers, personal data assistants (PDA), laptop computers, radios, tape-recorders, etc., are not permitted in the courtroom, chambers or other environs of this Court. These restrictions (except for cameras not integrated into a cell phone device) do not apply to attorneys with a valid Florida Bar identification card, attorneys who have been authorized to appear by pro hac vice order and witnesses subpoenaed to appear in a specific case. No one is permitted to bring a camera or other prohibited electronic device into a federal courthouse facility except with

a written order signed by a judge and verified by the United States Marshals Service. See Local Rule 5072−2.

**Dated:** <u>8/31/2022</u>                                    By: Scott W Zappolo